**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ISA ALI ABDULLA ALMURBATI, *et al.*, | |
| Petitioners, | |
| v. | Civil Action No. 04-1227 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |
| ASIM BEN THABIT AL-KHALAQI, | |
| Petitioner, | |
| v. | Civil Action No. 05-0999 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |
| ISSAM HAMID ALI BIN ALI AL JAYFI, *et al.*, | |
| Petitioners, | |
| v. | Civil Action No. 05-2104 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | |
| Respondents. | |

|  |  |  |
|---|---|---|
| JABBAROV OYBEK JAMOLIVICH, *et al.*, | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2112 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

|  |  |  |
|---|---|---|
| AMER MOHAMMON, *et al.*, | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2386 (RBW) |
| GEORGE W. BUSH, President of the United States, *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' MOTION TO RECONSIDER
ORDERS GRANTING EXTENSIONS OF TIME AND
<u>OPPOSITION TO CERTAIN PETITIONERS' MOTIONS FOR EXTENSION OF TIME</u>**

For the reasons explained below, respondents hereby move the Court to reconsider its granting of extensions of time for petitioners in these cases, prior to written response by respondents, to oppose respondents' July 7, 2006 Motion for Procedures Related to Review of Certain Detainee Materials and Request for Expedited Briefing. For the same reasons,

-2-

respondents oppose the motions for extension of time pending on behalf of various petitioners in the *Al-Khalaqi, Jamilovich,* and *Mohammon* cases. In support, respondents state as follows:

1.  On July 7, 2006, respondents filed a Motion For Procedures Related To Review Of Certain Detainee Materials And Request For Expedited Briefing ("Filter Team Motion") in the above-captioned cases, as well as a large number of the other Guantanamo Bay detainee cases pending before the Judges of this Court. That motion explained that as part of an ongoing investigation by the Naval Criminal Investigative Service ("NCIS") into the circumstances of the recent suicides of three Guantanamo detainees, as well as any broader plot or planning for other such attempts in the past or future, the NCIS had impounded certain materials associated with a large number of detainees. The motion seeks Court authorization for review by a Filter Team of any impounded materials that may have been created by detainees to provide to their counsel, or that may have been provided to detainees by their counsel, and therefore may potentially be subject to privilege, so that the investigation may proceed forthwith in a fashion that protects properly privileged materials from improper disclosure. The motion explained that review of the impounded documents awaits the Court's consideration of respondents' motion. In addition, the motion requested expedited briefing on the matter given the subject matter of the investigation and the need for action on such security-related matters to proceed expeditiously.

2.  In the absence of expedited briefing, a response to respondents' Filter Team Motion was originally due today, July 21, 2006.

3.  In the above-captioned cases, petitioners' counsel have filed motions for extension of time to respond to respondents' motion. In *Almurbati*, petitioners' counsel requested until July 28, 2006. In the *Mohammon* case, petitioner Abdal Razak Ali asked for an

extension until August 3, 2006. In *Al Jayfi*, petitioners' counsel asked for an extension until August 4, 2006. Each of these extensions was granted by the Court without respondents having the opportunity to file an opposition to the requested extension.[1] *See* Jul. 18, 2006 Minute Order in *Almurbati*; Jul. 18, 2006 Minute Order in *Al Jayfi*; July 14, 2006 Order (dkt. no. 79) in *Mohammon*.

4. Furthermore, in *Al-Khalaqi, Jamilovich,* and *Mohammon* a number of additional motions for extension of time are pending on behalf of various petitioners. An extension on behalf of a number of petitioners in *Mohammon* is sought until August 7, 2006. *See Mohammon*, dkt. nos. 89, 100. Another petitioner seeks an extension until August 11, 2006. *See Al-Khalaqui*, dkt. no. 29. Another petitioner seeks an extension of some two months, until September 20, 2006. *See Mohammon*, dkt. no. 89. Other petitioners seek extensions until September 30, 2006, *see Mohammon*, dkt. no. 98. Still other petitioners seek indefinite extensions. *See Mohammon*, dkt. nos. 91, 93; *Jamilovich*, dkt. no. 10. Typically, the extensions are sought either as result of counsel's schedules or until counsel can schedule and have a visit at Guantanamo with the detainees they purport to represent, with other counsel seeking indefinite extensions until they first obtain a security clearance and then are able to visit their petitioners, *see Mohammon*, dkt. no. 91; *Jamilovich*, dkt. no. 10; *see also Mohammon*, dkt. no. 100.

---

[1] Respondents' counsel was permitted a brief oral statement in opposition to the motion on behalf of petitioner Abdal Razak Ali in *Mohammon* at a hearing on another motion in the case on July 14, 2006.

5.       The Court should deny the pending requests for extension of time and reconsider the previously granted extensions of time and, instead, set a coordinated and consistent schedule for briefing and consideration of respondents' Filter Team Motion.

6.       Respondents' Filter Team Motion seeks coordinated and consistent procedures for review of all of the impounded materials irrespective of the detainee to which the materials may pertain. As reflected in the Filter Team Motion, such review is a key aspect of the ongoing NCIS investigation into the existence of and mechanisms for detainee planning of suicide attempts at Guantanamo, both in the past and, possibly, in the future. Petitioners' requests for extensions of time assume that individualized, detainee-specific briefing is required, on individualized counsel-specific schedules. Respondents, however, should not be placed in the position of having to await individualized briefing from each petitioner's counsel on a schedule suitable to those counsel before procedures for review of the impounded materials are decided. Proceeding with briefing subject to the varied and divergent personal schedules of counsel in these cases, as well as the schedules for visits with detainees at Guantanamo by individual counsel – a matter necessarily limited by logistical considerations as to the number of counsel who can be accommodated at Guantanamo for visits – will result in unwarranted and unreasonable delays in resolution of the Filter Team Motion and, thus, will delay the NCIS investigation. Such delays are intolerable and inappropriate given the purpose of the investigation, that is, to comprehend the existence of and mechanisms for detainee planning of suicide attempts at Guantanamo, both in the past and, possibly, in the future, with goal of disrupting those mechanisms.

Furthermore, to the extent petitioners argue that the government must make an detainee-specific showing of need to justify review of attorney-client communications in this context (a

proposition respondents dispute), individualized schedules for filing oppositions to the Filter Team Motion are not necessary to decide the issue of whether a detainee-specific showing is required.

In sum, respondents' Filter Team Motion does not require and, indeed, should not be subjected to a multiplicity of separately scheduled responses from scores of petitioners' counsel.

7.  For the same reasons, a multiplicity of separately scheduled responses is inconsistent with considerations of judicial economy.  Such schedules would mean the Court would be deciding the same issue – the procedures to be used for review of the impounded materials – over and over again as the separately scheduled briefing was completed.  In this same vein, various motions for extensions of time have been filed in other Guantanamo detainee cases before other Judges of this Court.  An approach establishing a multiplicity of briefing schedules on the Filter Team Motion before this and other Judges would be inappropriate because of the potential for inconsistent determinations on the Motion between separate Judges, which would potentially cripple or significantly impede the NCIS investigation, which appropriately should proceed in a consistent fashion with respect to all the detainees from whom documents have been impounded.

8.  On July 19, 2006, Judge Bates of this Court ordered a consistent schedule for briefing on the Filter Team Motion in the Guantanamo detainee *habeas* cases before him.  *See*, *e.g.*, Jul. 19, 2006 Minute Order, *Al-Anazi v. Bush*, No. 05-CV-345.  Judge Bates required that petitioners file any opposition to respondents' Filter Team Motion by not later than July 24, 2006, with respondents' reply due on or before July 31, 2006.  *Id.*

9.      For the foregoing reasons, the Court in these cases should revisit its prior granting of extensions of time,[2] and deny, in part, the pending requests for extension of time, and enter a coordinated and consistent schedule for briefing on the Filter Team Motion. Respondents' request that petitioners be required to submit a response to the Privilege Team Motion by July 26, 2006, with any reply by respondents filed by July 31, 2006. Such a schedule would permit completion of the briefing on the Filter Team motion and make the matter ripe for resolution by the end of July 2006. To the extent petitioners' counsel would assert that such a schedule would result in a logistical hardship for them, the Court could explicitly permit petitioners' counsel to adopt responses to the Filter Team motion that have been filed in other cases.

For the foregoing reasons, the Court should revisit its prior granting of extensions of time, and deny, in part, the pending requests for extension of time, and enter a coordinated and consistent schedule for briefing on the Filter Team Motion, as discussed above. A proposed order is submitted herewith.

Dated: July 21, 2006                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

---

[2] *See Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (Lamberth, J.) (noting propriety of reconsideration when "data that might reasonably be expected to alter the conclusion reached by the court" was not considered).

/s/ *Terry M. Henry*
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470
Attorneys for Respondents

-8-