IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Thabid,** *et al.,* <br> *Petitioners/Plaintiffs,* <br><br> v. <br><br> **GEORGE W. BUSH,** *et al.,* <br> *Respondents/Defendants.* | Civil Action No. 05-cv-2398 <br><br> Judge Ellen S. Huvelle <br><br> Magistrate Judge Alan Kay |

### PETITIONERS' URGENT MOTION FOR ACCESS TO COUNSEL

Petitioners Thabid and Ali[1], through their counsel Baker & McKenzie, move this Court for an Order directing Respondents to grant Petitioners immediate access to their counsel and to authorize counsel's scheduled visit with them at the U.S. Naval Station at Guantanamo Bay, Cuba.[2] Respondents scheduled this visit for the week of August 7 – 11, but now withhold authorization for that visit citing "next-friend" and "positive identification" objections.

Neither of these objections has any merit. The next-friend objection has been rejected in these cases by this Court every single time Respondents raise it – including two months ago when this Court found perfectly valid the exact same authorization document that Respondents complain about here.[3] (*See Sadar Doe v. Bush*, 05-cv-1704, Memorandum Order (D.D.C. May

---

[1] Thabid is also known as Dawut Abdurehim, identified by Department of Defense JTF-GTMO as ISN #289. Ali is also known as Anvar Hassan, ISN # 250. When their habeas petitions were filed, only their common names were known to counsel, but their proper names and ISN numbers were later added to their habeas petitions through a motion granted by Judge Huvelle. See Minute Order, Thabid v. Bush, 05-cv-2398, dated July 20, 2006.

[2] In accordance with LCvR 7(m), counsel for Petitioners have discussed this motion with counsel for Respondents, and counsel for Respondents has confirmed that Respondents object to the relief sought herein.

1

11, 2006) attached as Exhibit 1, and Kabir authorization, attached as Exhibit 2). Petitioners Thabid and Ali are included in the same direct and next-friend authorization document prepared by Usama Abu Kabir that Respondents objected to in *Sadar Doe*. The Court overruled Respondents' next-friend objection in that case and compelled Respondents to grant counsel access. (*See Sadar Doe, supra.*)

Furthermore, Petitioners already provided Respondents with a second, supplemental next-friend authorization to address the sole objection Respondents had previously raised -- after which Respondents manufactured another even more far-fetched objection. (See the detailed Next-Friend discussion, below.) Respondents continue to defy not only this Court's Protective Order and every one of its related rulings, but also the Supreme Court's holding guaranteeing Petitioners' access to counsel, every time they raise these completely discredited objections. *See Rasul v. Bush*, 542 U.S. 466 (2004).

Respondents' "positive identification" objection is equally specious. Counsel provided to Respondents an affidavit attesting on the basis of diligent research, information and belief that they have identified the petitioners by both their common and formal names – and by the JTF-GTMO identification numbers (ISN) that the Department of Defense assigned them. These tentative identifications were confirmed by a relative for Petitioner Ali and by a former cell-mate at Guantanamo for Petitioner Thabid. (See Affidavit of David Kronenberg, Exhibit 3). Respondents' objection about identification is not genuine. If the above affidavit did not constitute positive enough identification for Respondents, for the limited purpose of allowing one visit with counsel during which any possible remaining identification issues can be cleared up, Respondents could simply walk over to Petitioners' cells at Guantanamo and inquire.

2

Neither of Respondents' objections to counsel access has any merit. This Court should therefore compel Respondents to grant Petitioners their legal right to counsel access and authorize the previously-scheduled counsel visit with Petitioners at Guantanamo.

### Background

Thabid and Ali are Chinese Uighur detainees presently held by the United States Government at the Guantanamo Bay Naval Station. Each made a verbal request to be represented by counsel through their fellow detainee Usama Abu Kabir (Kabir) (see Exhibit 2.) Kabir hand-wrote a request for habeas counsel listing a number of detainees that he had spoken with who had requested representation. (*See Sadar Doe, Order, supra*). Thabid and Ali are both listed on the Kabir authorization. (Exhibit 2).

Petitioners' counsel, Baker & McKenzie, filed a habeas petition for Thabid and Ali on December 14, 2005, based on the Kabir authorization document. The Protective Order was subsequently entered in their cases by this Court. One of their attorneys, David Kronenberg of Baker & McKenzie, then received Secret-level Security Clearance, a prerequisite to access to classified information under the Protective Order in these cases (other security clearances for Petitioners' counsel are still pending.)[4] The only remaining obstacle to Petitioners' access to their attorney, which the Supreme Court has determined is their legal right, is Respondents' disregard of every precedent decision in the continued re-raising of discredited and baseless objections. Each of the two objections raised by Respondents is discussed separately below.

---

[4] Respondents consider any direct contact with detainees and any visit to the base at Guantanamo to potentially involve classified information.

3

I. RESPONDENTS' CONTINUED RELIANCE ON "NEXT-FRIEND" OBJECTIONS TO INTERFERE WITH PETITIONERS' RIGHT TO LEGAL REPRESENTATION HAS NO LEGAL OR FACTUAL SUPPORT.

Respondents claim they are entitled to deny Petitioners their right to access legal representation because Respondents have raised an objection to the "next-friend" authorization for habeas petition. In so doing, Respondents disregard every single prior ruling by this Court and ignore both the factual record and the procedural posture of this case.

> 1. Petitioners Have Direct Authorization for Their Habeas Actions and Therefore Do Not Require "Next-Friend" Authorization.

Petitioners Thabid and Ali, under the rulings governing these cases, filed both direct and next-friend habeas petitions. Both petitioners sought habeas representation by asking their co-detainee Kabir to request counsel for them. Their counsel, Baker & McKenzie, then filed habeas petitions both directly for Thabid and Ali and also through Thabid and Ali's next-friend Kabir. Thabid and Ali therefore have filed direct habeas petitions as well as next-friend petitions. *See Adem v. Bush*, 05-cv-723, slip op. (D.D.C. April 28, 2006) (RWR).

Any objection Respondents' might have to Petitioners' next-friend authorization have no bearing on their direct habeas petitions and are therefore now irrelevant to counsel access. *Id.* Respondents have raised no objection to Petitioners' direct habeas petitions, which are governed by the Protective Order guaranteeing them the right to counsel access. *See Al Odah v. Bush*, 346 F. Supp. 2d 1, 11 n.12 (D.D.C. 2004) (detainees "have been afforded access to the courts, which must necessarily be meaningful, and this meaningful access includes the opportunity to consult with counsel in private.") This Court has already rejected Respondents' next-friend argument in numerous cases, as have multiple other District Court Judges. *See Adem v. Bush*, 425 F. Supp. 2d 7 (D.D.C. 2006), aff'd, No. 05-723, 2006 WL 1193853 (D.D.C. April 28, 2006); *Kabir v. Bush*, 05-1704 (D.D.C. May 11, 2006) (memorandum order granting motion

to compel counsel access); *Said v. Bush*, 05-2384 (D.D.C. May 23, 2006) (same); *Razakah v. Bush*, 05-2370 (EGS) (D.D.C. May 18, 2006); *Mohammon v. Bush*, No. 05-2386, slip op. at 4 n.5 (RBW) (D.D.C. June 27, 2006) (rejecting government's argument that allegedly defective next friend standing strips court of authority to grant access to counsel).

It has been clearly established that the next-friend authorization is a "legal fiction" which is superfluous in this as in the other cases. The "legal fiction of a 'next friend' became largely irrelevant [in the Guantánamo context] except as a mechanism for identifying those detainees who seek to challenge their detention in the first instance." *Sadar Doe*, Civil Action No. 05-1704, Order at 9, *citing Adem*, Civil Action No. 05-723, slip. op. at *3-5. Under the Protective Order, Respondents must grant counsel access to Petitioners based on the direct habeas petitions filed for them as requested by Kabir, regardless of any objection Respondents may represent they have with the supernumerary next-friend petition. Respondents cannot continue to raise next-friend objections to deny counsel access when this Court has clearly ruled that Petitioners are considered to have filed direct habeas petitions.

    2.    <u>Even if Next-Friend Authorization Were Required, the Kabir Authorization Has Already Been Judged By This Court To Be Sufficient.</u>

Respondents already are aware, and are on notice, that the Kabir authorization was previously judged by this Court to require them to grant counsel access. (*See Sadar Doe*, Exhibit 1; email correspondence from D. Kronenberg, July 20, 2006).. In *Sadar Doe*, Respondents attempted to deny counsel access to the petitioners Sadar Doe and Arkeen Doe, whose habeas petitions rested on the exact same authorization filed for Petitioners Thabid and Ali. This Court ruled that based on that authorization Respondents were required under the terms of the Protective Order to grant counsel access to their clients.

5

Petitioners in the case at bar have the exact same authorization, but Respondents have not attempted to distinguish this case from *Sadar Doe* even though they were alerted to and provided a copy of the Order in that case. Instead, Respondents simply ignore this Court's analysis requiring them to provide counsel access to Petitioners based on the Kabir authorization.

### 3. Even If Petitioners Required Next-Friend Authorization, They Have Provided Authorizations That Clearly Meet The Whitmore Factors.

Despite the rejection of the traditional "next friend" analysis in all related cases and rulings, Respondents suggest that this test should be applied here. Even under the inapplicable *Whitmore* "next friend" objection that Respondents advance, however, Petitioner's Next Friends Abu Kabir and Abu Bakker clearly satisfy the requirements for next friend standing. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

Under the *Whitmore* analysis, next friend standing is satisfied where there is an "adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action"; and where "the 'next friend' [is] truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. Even if Petitioners spoke fluent English, the conditions that Respondents have imposed on Petitioners – a complete lack of access to friends, family, attorneys, or normal means of communication -- prevent them from initiating this action on their own behalf. *See Razakah v. Bush*, Civil Action No. 05-2370 (D.D.C. Feb. 3, 2006).

Petitioners' Next Friends have clearly expressed that they are, and are presumed to be, representing the wishes of Petitioners as they understand them. Furthermore, Petitioner Thabid provided Respondents a second, supplemental next-friend authorization that meets all the *Whitmore* factors. Respondents had previously informed Petitioners' counsel that they were denying counsel access because the Kabir authorization did not demonstrate to their satisfaction the requisite personal relationship between Kabir and Thabid or Ali. In an attempt to address

Respondents' expressed requirement for a more personal next-friend authorization, Petitioners' counsel therefore offered to Respondents that he would obtain a supplemental "next-friend" authorization if that would resolve Respondents' objection. Respondents agreed that this would take care of their next-friend objection. Overcoming obvious logistic difficulties, Petitioners' counsel then obtained a supplemental authorization from Petitioners' friend and former co-detainee Abu Bakker Qassim, who was at the time resident in a refugee camp in Albania.[5] (See Declaration of Abu Bakker Qassim, attached as Exhibit 4).

After counsel for Petitioners secured and provided the supplemental authorization Respondents had represented would address their sole remaining objection, Respondents rejected that authorization due to "Whitmore factors" and asserted that those factors required Thabid now to demonstrate that he could not represent himself in habeas proceedings in an American court.

This latest "Whitmore factors" objection demeans Respondents. In *Whitmore*, the subject of the next-friend habeas petition was a convicted murderer who had rejected appeal and acquiesced to a death sentence. He expressly sought his own execution by lethal injection. *See Whitmore, supra*.)

Whitmore, the putative next-friend in that case, however, filed a habeas petition to try to prevent the execution. In *Whitmore*, therefore, the express desires of the habeas subject and the habeas next-friend were exactly opposite – one wanted execution and the other wanted a stay of execution. The Supreme Court, on certiorari from the Supreme Court of Arkansas, required the next-friend to prove standing by showing that the subject of the habeas petition could not have filed a direct petition had he wanted to – which in *Whitmore* he clearly did not. *Id.*

---

[5] Without notice to counsel or the Court, Respondents hurriedly removed Mr. Qassim and four other detainees from Guantanamo on Friday May 5, 2006 and dropped them in a refugee camp in Albania. Respondents then argued that the men were now outside the Court's jurisdiction. These detainees' Habeas actions were scheduled for hearing on Monday May 8, 2006, to determine whether the Government's four-year detention of these men at Guantanamo was lawful.

In the case at bar, the next-friends Kabir and Abu Bakker Qassim both submitted statements indicating that they were expressing the wishes of the habeas petition subjects as they understood them – not attempting to contravene those wishes. As a co-detainee for four years, Kabir is entitled to a presumption that he would represent the interests of Thabid and Ali. Abu Bakker shared a cell with Thabid, and his authorization clearly states he knows and expresses Thabid's wishes. Yet Respondents cite *Whitmore* and argue disingenuously that they can reject the next-friend authorizations and prevent counsel access because of an "absence of any showing why petitioner Thabid cannot file a petition on his own behalf though [sic] the mail opportunities available to detainees..." (Email correspondence by Respondents, July 14, 2006; July 24, 2006)

It is patently ridiculous for the United States Government to continue to argue that detainees at Guantanamo, kept in wire cells for four years after they were abducted at gunpoint, shackled and blindfolded and loaded onto cargo planes and transported involuntarily to a military prison 10,000 miles away, would want to prevent any efforts to secure their freedom. An argument like this demeans Respondents and demeans the law, and continues to disregard every Court ruling analyzing and rejecting this same objection.

## II. PETITIONERS PROVIDED THE STRONGEST POSSIBLE "POSITIVE IDENTIFICATION" CONSIDERING THAT PETITIONERS ARE BEING HELD VIRTUALLY INCOMMUNICADO IN A PRISON AT A NAVAL BASE IN CUBA.

Respondents object to counsel access to Petitioners because they claim to have problems obtaining "positive identification" for Petitioners.[6] Petitioners' counsel, however, provided Respondents with an affidavit describing counsel's apparently successful efforts to match Petitioners' common names with the formal names and ISN numbers listed for them by the

---

[6] If Respondents were genuinely interested in obtaining positive identification to verify that these particular Petitioners desired respresentation they could, of course, simply locate Petitioners in their cells at Guantanamo and ask them.

8

Department of Defense, JTF-GTMO. (See Affidavit, Exhibit 3). Abu Bakker Qassim, Thabid's former roommate at Guantanamo, confirmed that Thabid is the same individual identified by DOD as Dawut Abdurehim, ISN 289. A relative of Ali's reported that he was the individual identified by DOD as Anvar Hassan, ISN 250. This Court subsequently amended the habeas petition for Thabid and Ali to add the names Dawut Abdurehim and Anvar Hassan. Thabid and Ali have therefore been positively identified to the Court's satisfaction, and identified as well as could possibly be expected in the absence of any cooperation by Respondents who control all access to Petitioners. Respondents' objection on the basis of a lack of "positive identification" is without merit. In any case, should the tentative identification for Thabid and Ali prove for any reason to be inaccurate, Counsel for Petitioners will immediately inform Respondents.

For the reasons set forth above, the Court should therefore order the Respondents to comply with the Protective Order and afford Petitioner the opportunity to meet with their counsel Baker & McKenzie, during the previously scheduled visit to Guantánamo between August 7 and August 11, 2006 and as requested by Petitioners' counsel thereafter in accordance with the Protective Order.

Respectfully submitted,

Baker & McKenzie, Counsel for Petitioners

By:

/s/George M. Clarke III
George M. Clarke III
(D.C. Bar. No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4078
t. 202-452-7068