IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THABID, *et al.*, | ) <br> ) <br> ) |
| Petitioners, | ) <br> ) |
| v. | )    Civil Action No. 05-CV-2398 (ESH) <br> ) |
| GEORGE W. BUSH, <br> President of the United States, <br> *et al.*, | ) <br> ) <br> ) <br> ) |
| Respondents. | ) <br> ) |

**RESPONDENTS' MOTION FOR RECONSIDERATION OF**
**MAGISTRATE JUDGE'S AUGUST 2, 2006 MEMORANDUM ORDER**

Respondents hereby object to and seek reconsideration of Magistrate Judge Alan Kay's August 2, 2006 Memorandum Order (dkt. no. 18) ("August 2 Memorandum Order") requiring that respondents permit counsel to meet with petitioners Thabid and Ali,[1] who are detained by the Department of Defense ("DoD") at the United States Naval Base in Guantanamo Bay, Cuba. Respondents object to the August 2 Memorandum Order for the same reasons expressed in

---

[1] Petitioner Ali, identified by petitioners' counsel as the detainee with Internment Serial Number ("ISN") 250, has a previously filed habeas petition pending in Mohammon v. Bush, No. 05-CV-2386 (RBW). As respondents recently explained in Mohammon, petitioners "Mohammed LNU" (*i.e.*, last name unknown) and "Ali LNU" in Mohammon have each been identified as Detainee ISN 250 in that case. See Respondents' Status Report, Ex. D in Mohammon v. Bush, No. 05-CV-2386 (RBW) (dkt. no. 109); see Mohammon Petition ¶¶ 220, 238. Indeed, Magistrate Judge Kay's August 2 Memorandum Order was entered "without prejudice to Respondents' ability to seek additional relief regarding the issue of Petitioner Ali's identity if, after meeting with counsel, it appears that Petitioner Ali has also filed a duplicate *habeas* petition in *Mohammon v. Bush*, 05-CV-2386 (RBW)." August 2 Memorandum Order at 7. Absent sufficient demonstration that petitioner Ali does not have multiple petitions pending on his behalf, which counsel for petitioners have not yet supplied, petitioner Ali should be dismissed from this case and his petition for writ of habeas corpus should proceed in the Mohammon case previously filed on his behalf, as appropriate.

Respondents' Emergency Motion for Stay and Reconsideration of Magistrate Judge's June 29, 2006 Memorandum Order (dkt. no. 61, 62), previously filed in Kiyemba v. Bush, No. 05-CV-1509 (RMU).  Respondents' memorandum, with exhibits, is attached as Exhibit A and incorporated herein by reference.  As explained more fully therein, the August 2 Memorandum Order is clearly erroneous and contrary to law for several reasons.  First of all, the Detainee Treatment Act of 2005 creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of aliens detained as enemy combatants at Guantanamo Bay, such as petitioners Thabid and Ali, who are the subject of the Magistrate Judge's Order in this case.  Therefore, the Magistrate Judge had no jurisdictional basis to issue relief in this case.[2]

In addition, the Magistrate Judge clearly erred in concluding that the governing protective order and counsel access procedures in the Guantanamo habeas litigation do not require counsel to supply appropriate proof of authority to represent a detainee prior to being permitted privileged access to the detainee.  To the contrary, the language, structure, and history of the counsel access procedures evidence a two-layer requirement regarding counsel's authority to bring and then maintain a habeas corpus petition on behalf of a Guantanamo detainee.  First, in a case such as this brought by a putative "next friend," prior to having privileged access to the detainee, counsel must produce sufficient evidence of counsel's authority to represent the detainee through a proper "next friend."  See Respondents' Memorandum in Opposition to Urgent Motion for Access to Counsel and Respondents' Motion for Order to Show Cause Why

---

[2] The effect of the Detainee Treatment Act on cases such as this remains pending before the Court of Appeals, and the impact of the Supreme Court's recent decision in Hamdan v. Rumsfeld, 548 U.S. ___, 126 S. Ct. 2749 (2006), on that issue is the subject of supplemental briefing in the Court of Appeals that was completed on August 15, 2006.

Petition Should Not Be Dismissed for Lack of Proper "Next Friend" Standing (dkt. no. 16) at 10-19.  Second, after having the opportunity to meet with the detainee, counsel must submit evidence of the detainee's authorization for counsel to represent him.  The Magistrate Judge clearly erred by conflating these separate, and practical, authorization requirements into a single requirement that counsel who purportedly represents a particular detainee must be provided with privileged access to the detainee on demand and then need only produce evidence of authority to represent the detainee after conducting privileged meetings with the detainee.  In reaching this conclusion, the Magistrate Judge created an extra-legal scheme for establishing jurisdiction in the Guantanamo habeas cases that is contrary to law, including the plain terms of the habeas statute and the well-established jurisprudence regarding next friend standing.  Further, by requiring the government to provide direct, privileged access to wartime detainees in a military detention facility for counsel merely purporting to represent a detainee, without any showing by counsel of proof of appropriate authority to represent the detainee directly or through a next friend satisfying appropriate standing requirements, the Magistrate Judge's Order offends separation of powers.  Accordingly, as more fully explained in the Kiyemba memorandum, the August 2 Memorandum Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected therein should be set aside.

      While petitioners' counsel, pursuant to the August 2 Memorandum Order, has already met with petitioners during counsel's visit to Guantanamo from August 7-11, 2006, respondents objections to the August 2 Memorandum Order remain.  Petitioners' counsel has yet to provide any direct authorization for suit from petitioners that would moot respondents' objections to the standing of the putative next friend in this case, Usama Hasan Abu Kabir, and the Magistrate

Judge's construction and interpretation of the counsel access procedures contemplate two visits with petitioners prior to any required submission of direct authorization for suit from petitioners, regardless of the standing of a putative next friend. Accordingly, respondents' objections to the August 2 Memorandum Order, which so construes the counsel access procedures, remain viable.

For these reasons, the Magistrate Judge's August 2 Memorandum Order is clearly erroneous and contrary to law and should be vacated, and the interpretation of the counsel access procedures reflected in the August 2 Memorandum Order should be set aside.

Dated: August 16, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

_____/s/ Preeya M. Noronha_____
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents