IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THABID, et al., <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, <br> et al., <br><br> Respondents. | Civil Action No. 05-CV-2398 (ESH) |

**RESPONDENTS' OPPOSITION TO PETITIONERS' RENEWED MOTION FOR 30-DAYS ADVANCE NOTICE OF ANY INTENDED REMOVAL OF PETITIONER FROM GUANTANAMO AND TO PRESERVE EVIDENCE**

Respondents hereby oppose petitioners' Renewed Motion for Order for 30-Days Advance Notice of Any Intended Removal of Petitioner from Guantanamo and to Preserve Evidence ("renewed motion") (dkt. no. 23). As explained below, this motion disregards the reasons supporting a continued stay of proceedings in this case. Further, petitioners' renewed motion fails for the same reasons as petitioners' initial motion on this issue. Petitioners' renewed motion, therefore, is inappropriate and should be denied.

**ARGUMENT**

A.  **The Court Should Deny Petitioners' Renewed Motion Because the Detainee Treatment Act of 2005 Granted the D.C. Circuit Exclusive Jurisdiction Over this Action.**

Petitioners' renewed motion should be denied because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this action in the D.C. Circuit. The Act, among other things, not only amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider habeas petitions and other claims by aliens held as

enemy combatants at Guantanamo Bay, id., § 1005(e)(1), it also creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, id., § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in Hamdan held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. See Hamdan v. Rumsfeld, 548 U.S. __, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Although the petitioner in Hamdan escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." 126 S. Ct. at 2769 n.14.

      The instant case is such an action, i.e., challenging petitioners' designation as enemy combatants through the Combatant Status Review Tribunal ("CSRT"), and given the Act's investment of exclusive review in the Court of Appeals, this Court lacks jurisdiction over this case for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus. Cf.,

e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); see also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

  Indeed, petitioners' renewed motion makes clear that their case involves a challenge to the CSRT's determination that they are enemy combatants because they describe their petitions for writs of habeas corpus as challenging what they perceive as the illegitimacy of the CSRT decisions.  See Renewed Motion at 2 (asserting that each petitioner "was never an 'enemy combatant' and was not properly or legally classified as an 'enemy combatant.'").  In this way, petitioners' case can be characterized as nothing other than a challenge to the CSRT designation of petitioners as enemy combatants.

  Granting the relief petitioners request would be an assertion of jurisdiction and authority in this case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court

cannot proceed at all in any cause."). Accordingly, petitioners' renewed motion should be denied.[1]

**B.    The Court Should Deny Petitioners' Renewed Motion Because A Continued Stay is Warranted and the Motion Otherwise Fails on the Merits.**

Petitioners' renewed motion also should be denied because petitioners have failed to provide a sufficient factual or legal basis to justify lifting the stay in this case. See Order, No. 05-CV-2398 (ESH) (March 31, 2006) (dkt. no. 9) at 3. On March 30, 2006, this Court stayed "all action" in this case pending the resolution by the appellate courts of "serious questions concerning whether this Court retains jurisdiction to hear the above-captioned case[]" after the Detainee Treatment Act of 2005 became law. Id. at 2-3. Since this jurisdictional issue has not been resolved, as explained above, the stay is still in effect and remains appropriate.[2] Further, as explained below, petitioners' counsel makes no showing of any circumstances that would in any way warrant lifting the stay, even if such action was appropriate despite the pending appellate proceedings.

Petitioners' renewed motion should also be denied on the merits. First, respondents oppose petitioners' renewed motion on the same grounds respondents explained at greater length in opposition to petitioners' initial motion[3] in Respondents' Opposition to Petitioners' Motions

---

[1] The issue of the effect of the Act on cases such as this remains pending before the Court of Appeals, and the impact of the Supreme Court's recent decision in Hamdan on that issue is the subject of supplemental briefing in the Court of Appeals that was completed on August 15, 2006.

[2] Furthermore, the issue of whether advance notice of transfer orders are proper is currently pending before the Court of Appeals, with oral argument having occurred September 11, 2006. See Kiyemba v. Bush, No. 05-5487 (D.C. Cir.).

[3] Motion for Order Requiring Respondents to Provide Counsel for Petitioner and the Court with 30-Days' Advance Notice of Any Intended Removal of Petitioner from Guantanamo,
(continued...)

for Preliminary Injunctions Requiring Advance Notice of Transfer or Release, No. 05-2398 (dkt. no. 5) ("Opposition").  In sum, petitioners fail to satisfy the preliminary injunction standard: petitioners cannot show irreparable injury or a likelihood of success and an injunction requiring advance notice would trample on the separation of powers and disserve the public interest.  See Opposition at 10-23.

Further, petitioners' apparent claim that advance notice of any transfer of petitioners is warranted because the government was able to find a country to resettle the Qassim detainees, who had been classified as "no longer enemy combatants," is baseless.  Petitioners overlook the fact that petitioners in this case are detained as enemy combatants and are otherwise in circumstances entirely different from the Qassim detainees.

In addition, petitioners claim that the Qassim petitioners were placed in a position where they were subject to repatriation and possible torture, Renewed Notice at 3-4, improperly and inappropriately assumes that United States' policy with respect to detainee transfers is a sham.  See Opposition at 6, 12-13 & Declaration of then Deputy Assistant Secretary of Defense for Detainee Affairs Matthew C. Waxman dated June2, 2005 ("Waxman Decl.") ¶¶ 6-7 ("In any transfer, a key concern is whether the foreign government will treat the detainee humanely and in a manner consistent with its international obligations . . . It is the policy of the United States not to repatriate or transfer a detainee to a country where the United States believes it is more likely than not that the individual will be tortured.").  Furthermore, petitioners' claim is further undermined by an article petitioners submitted as an attachment to their Renewed Motion that

---

³(...continued)
No. 05-2398 (ESH) (dkt. no. 4)

states that the Albanian government, in fact, has granted the Qassim petitioners asylum. See Renewed Motion & Attachment C (Neil A. Lewis, Freed from Guantanamo but Stranded Far From Home, N.Y. Times, Aug. 15, 2006 ("Early this month, the Albanian government granted asylum to the Uighurs.")).

Finally, petitioners' request for an "order which requires Respondents to preserve all evidence related to Petitioners capture, detention, and any release," should also be denied because petitioners make no showing that a preservation order is warranted. Renewed Motion at 1. The weight of authority is that the four requirements for issuance of an injunction must be satisfied before a preservation order may issue. See Battayav v. Bush, No. 05-CV-714 (RBW) (dkt. no. 12) (denying request for preservation order in Guantanamo Bay case, holding "'a motion to preserve evidence is an injunctive remedy and should only issue upon an adequate showing that equitable relief is warranted'") (quoting Madden v. Wyeth, No. 3-03-CV-0167-R, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003)). Just as petitioners have not satisfied the requirements for an injunction concerning 30-day advance notice, they have also not satisfied the requirements for a preservation order. Moreover, even under the Pueblo of Laguna test this Court followed in Al-Bahooth et al. v. Bush, et al., see Order, No. 05-CV-1666 (ESH), at 3 (dkt. no. 20), a preservation order is not appropriate here because petitioners have neither shown that such an order is necessary nor that it would not be unduly burdensome or overbroad. See Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). In fact, petitioners make no showing on these issues whatsoever. For all of these reasons, the Court should deny petitioners' renewed motion.

## **CONCLUSION**

For the foregoing reasons, petitioners' Renewed Motion for Order for 30-Days Advance Notice of Any Intended Removal of Petitioner from Guantanamo and to Preserve Evidence should be denied.

Dated: September 11, 2006　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　PETER D. KEISLER
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　DOUGLAS N. LETTER
　　　　　　　　　　　　　　　　　　　　Terrorism Litigation Counsel


　　　　　　　　　　　　　　　　　　　　   /s/ Nicholas J. Patterson
　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT (D.C. Bar No. 431134)
　　　　　　　　　　　　　　　　　　　　VINCENT M. GARVEY (D.C. Bar No. 127191)
　　　　　　　　　　　　　　　　　　　　TERRY M. HENRY
　　　　　　　　　　　　　　　　　　　　EDWARD H. WHITE
　　　　　　　　　　　　　　　　　　　　JAMES J. SCHWARTZ
　　　　　　　　　　　　　　　　　　　　PREEYA M. NORONHA
　　　　　　　　　　　　　　　　　　　　ROBERT J. KATERBERG
　　　　　　　　　　　　　　　　　　　　ANDREW I. WARDEN
　　　　　　　　　　　　　　　　　　　　NICHOLAS J. PATTERSON
　　　　　　　　　　　　　　　　　　　　Attorneys
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　20 Massachusetts Ave., N.W.  Room 7220
　　　　　　　　　　　　　　　　　　　　Washington, DC  20530
　　　　　　　　　　　　　　　　　　　　Tel: (202) 514-4523
　　　　　　　　　　　　　　　　　　　　Fax: (202) 616-8470
　　　　　　　　　　　　　　　　　　　　E-mail: nicholas.patterson@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Attorneys for Respondents