*Approved For Public Filing
By Court Security Officer*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Thabid (aka Dawut Abdurehim)**<br>**Ali (aka Anvar Hassan)**<br><br>Petitioners,<br><br>  *v.*<br><br>**GEORGE W. BUSH,** *et al.*,<br>  Respondents. | )<br>)<br>)<br>)<br>)  No.  1:05cv02398<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PETITIONERS' REPLY TO RESPONDENTS' OPPOSITION TO PETITIONERS' RENEWED MOTION FOR 30-DAYS ADVANCE NOTICE OF ANY INTENDED REMOVAL OF PETITIONERS FROM GUANTANAMO AND TO PRESERVE EVIDENCE

Petitioners' Renewed Motion for Order for 30-Days Advance Notice of Any Intended Removal of Petitioners from Guantanamo and to Preserve Evidence ("Petitioners' Motion") merely requests, in the event Respondents determine that Petitioners will be released, that Respondents tell this Court and Petitioners' counsel that such a determination has been made 30 days before Respondents render Petitioners from Guantanamo Bay (and that Respondents maintain information regarding such determination to facilitate later judicial review). Considering the persecution, torture, and/or death Petitioners could face upon their release, it is not a hardship to require Respondents to give mere *notice* of Petitioners' pending release.

### ARGUMENT

As explained in detail in Petitioners' Motion, ethnic Uyghurs such as Petitioners have been subjected to human rights violations because of their ethnic background and religion. By granting Petitioners' renewed motion, Petitioners' (through their counsel and perhaps with the

1

*Approved For Public Filing*
*By Court Security Officer*

intervention of the Court) will have an opportunity to take steps to protect their human rights and physical well-being.  Without notice of their release, Petitioners could be released to another country without the opportunity to take such steps and there would be no means to undo the situation once it is done.  See Qassim v. Bush, 2006 US App. Lexis 20937 (D.C. Cir. 2006).

While Petitioners' potential harm is severe if the motion is wrongly denied, the Respondents' harm is minimal if the renewed motion is wrongly granted.  Respondent's object to the granting of the motion primarily on jurisdictional grounds and want the Court to refrain from granting the motion pending the resolution by the Court of Appeals of the application of the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 generally and the propriety of advance notice of transfer orders specifically (Respondent's Opposition to Petitioners' Renewed Motion for 30-Days Advance Notice of Any Intended Removal of Petitioner from Guantanamo and to Preserve Evidence ("Respondent's Opposition") at 1-4 n. 1-2).  Petitioners will not waste the Court's time with further analysis of the jurisdictional issues in this case (which will, as Respondent indicates, be resolved by the Court of Appeals) unless so ordered.  The question before this Court now is whether to act with imperfect information or wait, perhaps too long, to act with perfect information.

Respondents' arguments against Petitioners' Motion have been addressed by this Court in previous orders.  Respondents argue that this Court lacks jurisdiction to take any action with respect to Petitioners' Motion and that its stay in the proceedings should continue until the Court of Appeals resolves the jurisdictional issues.  The argument is an old favorite of Respondents and they have relied on it implicitly in this case and explicitly in others.  In issuing an order to provide a factual return in this case and others, this Court has held that, while keenly aware of the unresolved jurisdictional issues, this is simply an inadequate justification to further delay

*Approved For Public Filing
By Court Security Officer*

justice. Minute Order (dated August 18, 2006) citing Kahn v. Bush, Civil No. 05-1001 (ESH) (D.D.C. Aug. 10, 2006) and Al-Ghizzawi v. Bush, Civil No. 05-2378 (JDB) (D.D.C. Aug. 9, 2006). The reasoning for these orders is essentially that the resolution of the jurisdictional question will: (i) delay justice too long; and (ii) not be undermined by the granting of the relief requested. The same analysis applies here.

If, as Petitioners allege, jurisdiction is proper before this Court, but the Court waits confirmation of that by the Court of Appeals, Petitioners could be severely harmed. Respondent could render them to a hostile foreign country and they could be tortured or killed. However, if, as Respondents allege, jurisdiction is improper, but the Court acts now and enters an Order requiring 30-days notice, there is no cognizable harm to Respondents. True, Respondents will not have been able to render Petitioners to the foreign country of their choosing in the interim, however, at least as of the date of their Opposition, Respondent's continue to allege that Petitioners "are detained as enemy combatants" (Respondents' Opposition at 5) and thus Respondent's stated position appears to be that they will not be releasing Petitioners in the near term. Neither will justice be harmed by such an Order. As set forth in Petitioner's Motion, there is more than an adequate legal and equitable basis for the entry of such an Order.

Furthermore, if Respondent is correct and the Court of Appeals has jurisdiction over Petitioner but this Court does not, the Court of Appeals would surely want to prevent the improper rendition of Petitioners to a country where they could be killed or tortured. Granting Petitioners' Motion in such circumstances is thus appropriate regardless of the resolution of the jurisdictional issue.

Respondents also try to distinguish Petitioners' case from the Qassim petitioners. Respondents argue that the Qassim petitioners are distinguishable because they were classified as

3

*Approved For Public Filing*
*By Court Security Officer*

"no longer enemy combatants" when they were released to a refugee camp in Albania (Respondent's Opposition at 5). However, the "enemy combatant" determination is a classification imposed (and taken away) by unilateral action of Respondents. Petitioners do not have the information necessary to determine when, for instance, the Qassim petitioners were first determined not be enemy combatants much less why such a determination was made for those petitioners and not, as alleged by Respondent, for Petitioners herein. The point of Petitioners' Motion is that Respondent's view of various detainees has shifted over time and any change of view with respect to Petitioners could have negative consequences on their lives were they to be precipitously released. It is therefore far from "baseless" to reference this Court to the conduct of Respondents in the Qassim matter in informing the suspected next steps of Respondents in this case.

*Approved For Public Filing
By Court Security Officer*

## **CONCLUSION**

Petitioners respectfully request that their renewed motion be granted.

Dated: September 18, 2006

Respectfully submitted,

Counsel for Petitioners:

/s/ George M. Clarke III
George M. Clarke III
(Bar No. 480073)
Baker & McKenzie LLP
815 Connecticut Avenue, NW
Washington, D.C. 20006-4078, US
Tel: 202 452 7000
Fax: 202 452 7074

David Kronenberg
Douglas Sanders
Eric Sievers
Baker & McKenzie LLP
130 East Randolph Drive
Chicago, Illinois 60601
Tel: 312 861 8000
Fax: 312 861 2899