UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THABID, *et al.*, | ) |
| Petitioners, | ) ) ) |
| v. | ) Civ. Action No. 05-2398 (ESH) |
| GEORGE W. BUSH, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## ORDER

Petitioners Thabid and Ali -- both Chinese Uighur detainees presently held by respondents at the United States Naval Base in Guantanamo Bay, Cuba -- have filed a Motion for Order for 30-Days Advance Notice of Any Intended Removal of Petitioner from Guantanamo and to Preserve Evidence.  In light of respondents' recent relocation of five Uighur detainees to Albania, petitioners seek an order requiring that their counsel and the Court be notified thirty days prior to any transfer from Guantanamo Bay.  (*See* Pet'rs' Mot. at 1-2.)  Petitioners further request that the Court order respondents to preserve all evidence relating to their capture, detention, and release.  (*See id.* at 1.)  Respondents oppose petitioners' motion, arguing that the Court is barred from entering the requested order as a result of the exclusive review provisions set forth in the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, § 1005(e), 119 Stat. 2680, 2742, and contending that, regardless, petitioners have failed to offer sufficient justification for lifting the stay entered in this case on March 31, 2006.  (*See* Resp'ts' Opp'n at 1.)

Because a question remains as to this Court's jurisdiction, *see Hamdan v. Rumsfeld*, 126

S.Ct. 2749, 2769 (2006) (holding that Section 1005(e)(1) the DTA did not deprive federal courts of jurisdiction over those habeas cases pending on the date of its enactment, but "express[ing] no view" as to whether "habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of [the statute's exclusive review provisions] . . . would require transfer of such an action to the District of Columbia Circuit"), the Court concludes that the requested order is appropriate to preserve the status quo. *See Aminullah v. Bush*, Civ. No. 05-1237 (D.D.C. Aug. 10, 2006); *Gul v. Bush*, Civ. No. 05-0888 (CKK) (D.D.C. May 1, 2006); *see also Al-Bahooth v. Bush*, Civ. No. 05-1666 (D.D.C. Dec. 20, 2005); *Mamet v. Bush*, Civ. No. 05-1602 (D.D.C. Sept. 30, 2005); *Ameziane v. Bush*, Civ. No. 05-0392 (D.D.C. Apr. 12, 2005).

Accordingly, it is hereby

**ORDERED** that petitioners' Motion for Order for 30-Days Advance Notice of Any Intended Removal of Petitioner from Guantanamo and to Preserve Evidence [#23] is **GRANTED IN PART** and **DENIED IN PART**, as the motion is moot insofar as it seeks the preservation and maintenance of all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantánamo Bay detention facility, which is already required pursuant to orders in other cases, *see Al-Marri v. Bush*, Civ. No. 04-2035 (D.D.C. Mar. 7, 2005) (order requiring that "[r]espondents shall preserve and maintain all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility"); *Anam v. Bush*, Civ. No. 04-1194 (D.D.C. June 10, 2005) (same); *Abdah v. Bush*, Civ. No. 04-1254 (D.D.C. June 10, 2005) (same); it is

**FURTHER ORDERED** that, as a condition of the stay, respondents shall file notice

with the Court and petitioners' counsel thirty days prior to any transfer of one or both petitioners to a foreign country, a notice including the proposed country and date of transfer; and it is

**FURTHER ORDERED** that respondents are **ORDERED** to preserve and maintain all evidence, documents, and information regarding petitioners as well as all evidence, documents, and information relating to any other detainees related to or involved in petitioners' cases.

**SO ORDERED**.

_____s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: September 25, 2006