IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THABID, *et al.,* ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-2398 (ESH) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.,* ) | |
| ) | |
| Respondents. ) | |

**RESPONDENTS' FACTUAL RETURN TO PETITION FOR
WRIT OF HABEAS CORPUS BY PETITIONER ALI AND
NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL**

Respondents hereby submit, as explained herein, the final record of proceedings before

the Combatant Status Review Tribunal pertaining to petitioner Hassan Anvar (listed in the

petition as Ali) as a factual return to petitioner's petition for writ of habeas corpus. For the

reasons explained in the record, petitioner Hassan Anvar has been determined to be an enemy

combatant. Accordingly, petitioner Hassan Anvar is lawfully subject to detention pursuant to the

President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit.
X, 119 Stat. 2680 ("the DTA"), became law. The DTA, among other things, amends 28 U.S.C.
§ 2241 and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending
cases, to address the validity of the detention of aliens held by the Department of Defense as
enemy combatants at Guantanamo Bay, Cuba. The effect of the DTA on cases such as this, i.e.,
the extent to which the vesting of exclusive review in the Court of Appeals deprives this Court of
jurisdiction to proceed, remains pending before the Court of Appeals. Moreover, on October 17,
2006, the Military Commissions Act of 2006, Pub. L. No. 109- ___ (2006) ("the MCA"), became
law. The MCA, among other things, amends 28 U.S.C. § 2241 to eliminate district court
jurisdiction to consider habeas petitions, as well as any other action "relating to any aspect of the
detention, transfer, treatment, trial, or conditions of confinement," of aliens detained by the
United States as enemy combatants. See id. § 7. The MCA expressly applies the amendment "to

The portion of the record suitable for public release is attached hereto.  See Exhibit A.

The remaining portions of the record, including information that is classified or not suitable for

public release, are being submitted under seal through the Court Security Officers.  One copy of

the factual return is being submitted to the Court for *in camera* review.  Another copy of the

factual return, containing information suitable for disclosure to counsel under seal, is being made

available to petitioner's counsel who have been issued security clearances, consistent with the

Protective Order.  See March 21, 2006 Minute Order (applying Amended Protective Order and

Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay,

Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 344 F. Supp. 2d 174 (D.D.C.

Nov. 8, 2004), and related orders, to this case).  Any redactions made in the factual return are

explained in the declaration(s)/certification(s) submitted therewith.  Both copies of the factual

return contain highlighting, explained therein, consistent with the Court's Order for Specific

Disclosures Relating to Respondents' Motion to Designate as "Protected Information"

Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns,

entered on December 8, 2004 by Judge Green in the coordinated cases.  Respondents have

designated certain highlighted, unclassified information in the factual return as "protected

information" under the Protective Order.  Pursuant to the Protective Order, once counsel for

petitioner has reviewed the factual return and counsel for the parties have conferred, respondents

---

all cases, without exception, pending on or after the date of the enactment of this Act," which
would include the above-captioned case, thereby unambiguously divesting this Court of
jurisdiction over this action.  Notwithstanding these developments, pursuant to the Court's
August 18, 2006 Minute Order, however, respondents hereby submit a factual return pertaining
to petitioner Hassan Anvar.

will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Hassan Anvar has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise. Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

Dated: October 17, 2006                           Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

Attorneys for Respondents

---

[2] Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."