IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THABID, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-2398 (ESH) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO LIFT STAY AND FOR SUMMARY JUDGMENT**

Respondents hereby oppose Petitioner Ali (aka Anvar Hassan)'s Motion to Lift Stay and

for Summary Judgment ("motion") (Nov. 22, 2006). Ali's motion and memorandum in support

present no sufficient justification for lifting the stay that this Court entered pending the resolution

of questions concerning this Court's jurisdiction.[1] As explained below, the Court lacks

jurisdiction over this case because petitioner may challenge his detention as an enemy combatant

only through the limited exclusive review mechanism provided in the Court of Appeals. In

addition, the cases that will resolve the issue of this Court's jurisdiction remain pending before

the Court of Appeals. Petitioner's motion therefore should be denied.

**ARGUMENT**

**A.    The Court Should Deny Petitioner's Motion Because the Military Commissions Act of 2006 and the Detainee Treatment Act of 2005 Withdrew this Court's Jurisdiction in Favor of Exclusive Jurisdiction in the Court of Appeals.**

---

[1] On March 31, 2006, this Court stayed this case "pending the resolution of this Court's jurisdiction" in the appellate courts. Order, Thabid v. Bush, No. 05-CV-2398 (ESH) (Mar. 31, 2006) (dkt. no. 9), at 3.

Petitioner's motion should be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366 ("MCA"), which became law on October 17, 2006, see Notice of Military Commissions Act of 2006, No. 05-CV-2398 (ESH) (dkt. no. 29), and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("DTA"), vest exclusive jurisdiction over this action in the D.C. Circuit.  The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens.  See MCA § 7(a).  Further, the new amendment to § 2241 takes effect on the date of enactment and applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b).

The review mechanism created by the DTA, in turn, invests the Court of Appeals with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[2]  See DTA § 1005(e)(2)–(3), as amended by MCA.  Section 1005(e)(2) of the DTA

---

[2]The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA. See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006). Congress, however, has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as
(continued...)

states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final

decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy

combatant," and it further specifies the scope and intensiveness of that review.

Even prior to enactment of the MCA, the DTA invested the Court of Appeals with the

same "exclusive jurisdiction to determine the validity of any final decision of a Combatant Status

Review Tribunal that an alien is properly detained as an enemy combatant," see DTA

§ 1005(e)(2)–(3), which, standing alone, deprived the District Court of jurisdiction in cases like

this, challenging petitioner's detention as an enemy combatant.  See, e.g., Thunder Basin Coal

Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act

precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th

Cir. 2004) ("[T]he district court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily

reserved for instances in which no other judicial remedy is available"); Telecomms. Research &

Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court

that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive

review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court

of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over

the class of claims covered by the statutory grant of review power.").  In any event, with the

enactment of the MCA, District Court jurisdiction has been unambiguously withdrawn.

Petitioner Ali asserts that the MCA's withdrawal of jurisdiction does not apply to his

petition and would operate in his case only after a determination by this Court that he is "properly

---

[2](...continued)
this, in favor of the exclusive review mechanism available in the Court of Appeals.  See MCA
§ 7.

detained" as an enemy combatant. Petitioner's argument is based on a misreading of the

applicable statute. The relevant portion of the habeas statute, as amended by the MCA, provides:

> (e) (1)  No court, justice, or judge shall have jurisdiction to hear or consider an
> application for a writ of habeas corpus filed by or on behalf of an alien
> detained by the United States who <u>has been determined by the United
> States</u> to have been properly detained as an enemy combatant or is
> awaiting such determination.
>
> (2)  Except as provided in paragraphs (2) and (3) of section 1005(e) of the
> Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or
> judge shall have jurisdiction to hear or consider any other action against
> the United States or its agents relating to any aspect of the detention,
> transfer, treatment, trial, or conditions of confinement of an alien who is or
> was detained by the United States and <u>has been determined by the United
> States</u> to have been properly detained as an enemy combatant or is
> awaiting such determination.

28 U.S.C. § 2241(e) (as amended by MCA) (emphasis added). The language of the MCA makes

clear that its withdrawal of District Court jurisdiction applies once an alien detainee "has been

determined by the United States" to have been properly detained. <u>Id.</u> Thus, this Court's inquiry

into "jurisdictional facts" extends only to whether the United States has made such a

determination through a Combatant Status Review Tribunal (CSRT). When a CSRT has made

such a determination, the District Court lacks jurisdiction, and the mechanism established in the

Court of Appeals for review of such determinations is the exclusive means by which the detainee

may attack the validity of the determination. The scope of the MCA jurisdictional restriction is

broad enough to encompass any action challenging "whether the status determination . . . was

consistent with the standards and procedures specified by the Secretary of Defense for Combatant

Status Review Tribunals," as well as any action challenging "whether the use of such standards

and procedures to make the determination is consistent with the Constitution and laws of the

United States." DTA § 1005(e)(2)(C)(i)–(ii). It is undisputed that a Combatant Status Review

Tribunal reached a determination that Ali is properly detained as an enemy combatant. <u>See</u>

Respondents' Factual Return to Petition for Writ of Habeas Corpus by Petitioner Ali and Notice

of Submission of Factual Return under Seal (dkt. no. 27). Thus, this Court lacks jurisdiction, and

review by the Court of Appeals is the only mechanism through which Ali may challenge the

propriety of either the CSRT determination itself or the standards or procedures underlying the

determination.

Lifting the stay and proceeding to the merits of petitioner's claims regarding his detention

would be an assertion of jurisdiction and authority in this case inconsistent with the Act's

investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this

regard is in no way immaterial or premature. <u>See</u> <u>Steel Co. v. Citizens for a Better Env't</u>, 523

U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); <u>see</u> <u>also</u>

<u>Ex parte McCardle</u>, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law,

and when it ceases to exist, the only function remaining to the court is that of announcing the fact

and dismissing the cause.").

Petitioner also asserts that the MCA's withdrawal of jurisdiction is ineffective because

interpreting the statute according to its most natural reading would raise doubts about its

constitutionality. The Court of Appeals is to resolve issues regarding the validity and effect of the

MCA, which eliminates District Court jurisdiction "without exception," <u>see</u> MCA § 7(b), and the

DTA, which vests exclusive review in the Court of Appeals, in two cases currently pending

before that court, Al Odah v. United States, No. 05-5064, and Boumediene v. Bush, No. 05-506.[3]
Indeed, the parties completed supplemental briefing on the effect and constitutionality of the
MCA on November 20, 2006. Accordingly, petitioner's motion to lift the stay and proceed to
summary judgment in advance of the D.C. Circuit ruling should be denied.

**B.    The Court Should Deny Petitioner's Motion Because There Has Been No Change in
        Circumstances That Warrants Lifting the Stay.**

Petitioner's motion also should be denied in its entirety because petitioner has failed to
provide a sufficient factual or legal basis to justify lifting the stay. On March 31, 2006, the Court
stayed this case "pending the resolution" by the Court of Appeals of the "serious questions
concerning whether this Court retains jurisdiction" over this case. See Order, No. 05-CV-2398
(ESH) (Mar. 31, 2006) (dkt. no. 9) at 2–3. Since the Court of Appeals has yet to resolve the
jurisdictional questions at issue in Al Odah and Boumediene, the stay is still in effect.
Petitioner's counsel make no showing of any change in circumstances since this Court entered
the stay order that would in any way warrant a lifting of the stay, even if such action was
appropriate in light of the pending appellate proceedings.

In the pending appeals, the D.C. Circuit will address significant issues regarding how
Guantanamo detainees' challenges to their detention should proceed in this Court, if at all. As
discussed above, the D.C. Circuit will consider the significance of the Detainee Treatment Act of
2005 and the Military Commissions Act of 2006. Furthermore, the Court of Appeals will
determine the rights, if any, available to detainees at Guantanamo under the Fifth Amendment

---

[3]In the district court, these cases were respectively titled In re Guantanamo Detainee
Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C.
2005).

and various statutes and treaties. In light of the potential for the D.C. Circuit's ruling to moot or at least significantly impact the legal bases for and future proceedings on petitioner's habeas petition and the likelihood that any decision by this Court regarding petitioner's motion would have to be relitigated or revisited once the Court of Appeals provides its guidance, this Court should deny petitioner's motion pending resolution of these appeals.

Further, granting petitioner's motion would potentially have far-reaching consequences because such an order doubtless would trigger a cascade effect in other Guantanamo detainee cases. Presently, there are more than 200 habeas cases pending on behalf of well over 300 detainees at Guantanamo; the majority of those cases and petitioners were not subject to the decisions of Judges Leon and Green in Khalid and In re Guantanamo. A decision to lift the stay and consider a summary judgment motion before the resolution of the appeals could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo detainee habeas cases, seeking parity of treatment, would request the Court to lift or modify stays that have already been entered, including to undertake merits proceedings. This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.). For all of these reasons, the Court should deny petitioner's motion.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petitioner Ali's Motion to Lift Stay and for

Summary Judgment should be denied.

Dated:  December 5, 2006                    Respectfully submitted,

                                           PETER D. KEISLER
                                           Assistant Attorney General

                                           DOUGLAS N. LETTER
                                           Terrorism Litigation Counsel


                                            /s/ JAMES C. LUH

                                           JOSEPH H. HUNT (D.C. Bar No. 431134)
                                           VINCENT M. GARVEY (D.C. Bar No. 127191)
                                           TERRY M. HENRY
                                           EDWARD H. WHITE
                                           JAMES J. SCHWARTZ
                                           PREEYA M. NORONHA
                                           ROBERT J. KATERBERG
                                           ANDREW I. WARDEN
                                           NICHOLAS J. PATTERSON
                                           JAMES C. LUH
                                           Attorneys
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           20 Massachusetts Ave., N.W.
                                           Washington, DC  20530
                                           Tel: (202) 514-4938
                                           Fax: (202) 616-8460

                                           Attorneys for Respondents