# EXHIBIT 3

*Redacted Version*
*for Public Filing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ABU BAKKER QASSIM, et al.,

      Petitioners,

  v.

GEORGE W. BUSH, et al.,

      Respondents.

Civil Action No. 05-497 (JR)

**DECLARATION OF PIERRE-RICHARD PROSPER IN SUPPORT OF
RESPONDENTS' SUPPLEMENTAL MEMORANDUM PURSUANT
TO THE COURT'S INVITATION AT THE AUGUST 1, 2005 HEARING
(Redacted Version for Public Filing)**

~~CONFIDENTIAL~~

<u>DECLARATION OF PIERRE-RICHARD PROSPER</u>

I, Pierre-Richard Prosper, pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

    1.  (U) I am the Ambassador-at-Large for War Crimes Issues and have supervised the operation of the Department of State Office of War Crimes Issues (S/WCI) since July 13, 2001. In that capacity I advise the Secretary of State directly and formulate U.S. policy responses to serious violations of the law of armed conflict committed in areas of conflict throughout the world. As the President's envoy, I travel worldwide and engage foreign government leaders and international organizations to build bilateral and international support for U.S. policies related to armed conflicts and international humanitarian law. Since September 11, 2001, my office has played a key role in maintaining a diplomatic dialogue with foreign governments whose nationals have been captured in connection with the armed conflict with the Taliban and al Qaida and who are detained at the U.S. Naval Base at Guantanamo Bay, Cuba. The following statements provide a general overview of the Department of State role in carrying out United States policy with respect to the transfer to foreign governments of detainees held at Guantanamo Bay and the process that is followed to ensure that any treaty-based obligations and United States policies are properly implemented. They are not intended to be an exhaustive description of all of the steps that might be undertaken in any particular case. I make these statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

~~CONFIDENTIAL~~
Classified by
United States Department of State
S/WCI - Pierre-Richard Prosper
E.O. 12958, For Reasons 1.4 (b) and (d)

2
~~CONFIDENTIAL~~

2. (U) The United States has no interest in detaining enemy combatants longer than necessary. The paramount goal is to ensure, to the maximum extent reasonably possible that transferring a detainee out of U.S. government control prior to the cessation of hostilities will not increase the risk of further attacks on the United States or its allies. The Secretary of Defense, or his designee, is generally responsible for approving the transfer of detainees from Guantanamo Bay to other governments either for release or for further detention, investigation, prosecution or control, as appropriate. On an ongoing basis, the Department of Defense is constantly reviewing the continued detention of each individual held at Guantanamo Bay Naval Base, Cuba.

3. (U) The Department of Defense consults with appropriate United States Government agencies, including the Department of State, before determining whether to transfer particular individuals. Of particular concern to the Department of State in considering the transfer of a detainee to a foreign government, either for release or continued detention, investigation, and prosecution, is the question of whether that government will treat the detainee humanely, in a manner consistent with its international obligations, and will not persecute the individual on basis of his race, religion, nationality, membership in a social group, or political opinion. The Department is particularly mindful of the longstanding policy of the United States not to transfer a person to a country if it determines that it is more likely than not that the person will be tortured or, in appropriate cases, that the person has a well-founded fear of persecution and would not be disqualified from persecution protection on criminal- or security-related grounds. This policy is consistent with the Convention Against Torture and other Cruel, Inhuman, or

~~CONFIDENTIAL~~

3

CONFIDENTIAL

Degrading Treatment or Punishment ("Torture Convention") and the Convention Relating to the

Status of Refugees ("Refugee Convention"). The Department of State advises the Department of

Defense and relevant agencies on the likelihood of persecution or torture in a given country and

the adequacy and credibility of assurances obtained from a particular foreign government prior to

transfer.



CONFIDENTIAL

4
CONFIDENTIAL



CONFIDENTIAL

5
~~CONFIDENTIAL~~



I declare under the penalty of perjury that the foregoing is true and correct.

Executed on **8** August 2005.

Pierre-Richard Prosper

~~CONFIDENTIAL~~